**CENTURY PARK EAST HOME-
OWNERS ASSOCIATION,
Plaintiff–Appellant,**

v.

**NORTHBROOK PROPERTY
& CASUALTY INSURANCE
CO., Defendant–Appellee.**

**No. 00–55401.
D.C. No. CV–99–03030–AHM.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2001.*

Decided Oct. 30, 2001.

Before BROWNING, FERNANDEZ, and FISHER, Circuit Judges.

**MEMORANDUM** **

Century Park East Homeowners Association brought this action against Northbrook Property and Casualty Insurance Company and claimed that damage to its condominium was covered under a policy issued by Northbrook. The district court granted summary judgment in favor of Northbrook, and Century Park appealed. We affirm.

When part of one of Century Park's buildings suffered damage due to sinking of a slab, a claim was made against Northbrook. The latter denied the claim on the basis of the earth movement exclusion in the policy. Century Park asserts that the exclusion is ambiguous and that coverage should therefore follow. *See AIU Ins. Co.*

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*v. Superior Court,* 51 Cal.3d 807, 822, 799 P.2d 1253, 1264, 274 Cal.Rptr. 820, 831 (1990). We disagree.

When the plain language of an insurance contract is "clear and explicit, it governs." *Bank of the W. v. Superior Court,* 2 Cal.4th 1254, 1264, 833 P.2d 545, 552, 10 Cal.Rptr.2d 538, 545 (1992). That is the case here because it is pellucid that the unqualified phrase "any earth movement" includes all types of movement, both sudden and sluggish movement, and both natural and artificial movement. *Cf. Sabella v. Wisler,* 59 Cal.2d 21, 31, 377 P.2d 889, 895, 27 Cal.Rptr. 689, 695 (1963); *Murray v. State Farm Fire & Cas. Co.,* 219 Cal. App.3d 58, 63–64, 268 Cal.Rptr. 33, 36 (1990). The additional "such as" language does not serve to limit that. Of course, we recognize that when a policy provision "is capable of two or more constructions, both of which are reasonable," it will be deemed ambiguous. *Foster–Gardner, Inc. v. Nat'l Union Fire Ins. Co.,* 18 Cal.4th 857, 868, 959 P.2d 265, 272, 77 Cal.Rptr.2d 107, 114 (1998) (quotation marks omitted). However, that certainly does not mean that a provision is ambiguous simply because a court,[1] somewhere, has deemed it so. *See Am. Cas. Co. of Reading, Pa. v. Baker,* 22 F.3d 880, 889 (9th Cir.1994); *ACL Techs., Inc. v. Northbrook Prop. & Cas. Ins. Co.,* 17 Cal.App.4th 1773, 1787 n. 39, 22 Cal. Rptr.2d 206, 214 n. 39 (1993).

AFFIRMED.

---

1. Century Park relies upon *Sentinel Associates v. American Manufacturers Mutual Insurance Co.,* 804 F.Supp. 815, 818 (E.D.Va.1992), where the provisions, by the way, were not precisely the same as the provisions at hand.

